Lucille YOUNG, et al., Plaintiffs,

v.

Samuel R. PIERCE, et al., Defendants.

Civ. A. No. P–80–8–CA.

United States District Court,
E.D. Texas,
Paris Division.

March 3, 1988.

Jonathan Strong, HUD, Washington, D.C., Charlene Berry, HUD, Ft. Worth, Tex., Edward B. Cloutman, III, Mullinax, Wells, Baab & Cloutman, Dallas, Tex., Elizabeth K. Julian, Executive Director, North Central Texas Legal Services Foundation, Inc., Michael M. Daniel, Dallas, Tex., for plaintiffs.

Steven M. Mason, Asst. U.S. Atty., Tyler, Tex., Arthur R. Goldberg, David M. Souders, Dept. of Justice, Civil Div., Washington, D.C., for defendants.

## ORDER

JUSTICE, Chief Judge.

An order granting the plaintiffs' motion for summary judgment on the issue of liability in this civil action was issued on July 31, 1985. *Young v. Pierce*, 628 F.Supp. 1037 (E.D.Tex.1985). That order held that the Department of Housing and Urban Development ("HUD") knowingly created, promoted, and funded racially segregated housing in thirty-six counties in East Texas in violation of the Fifth Amendment of the United States and Title VI and Title VIII. The court appointed Francis E. McGovern, Esquire, as the special master for this action, to monitor the desegregation of HUD-assisted housing during the remedial phase of this litigation, and McGovern's duties and powers were defined. *Young v. Pierce*, 640 F.Supp. 1476, 1477–79 (E.D.Tex.1986). On appeal to the United States Court of Appeals for the Fifth Circuit, the parties stipulated to a narrowed definition of the plaintiff class; as redefined, the plaintiffs are applicants for, and residents of, traditional low-rent housing programs owned by public housing authorities in the thirty-six class action counties in East Texas. *Young v. Pierce*, 822 F.2d 1368, 1373 (5th Cir.1987). The order appointing the special master was vacated and remanded for reconsideration in light of this stipulation and the defendant's objections. 822 F.2d at 1374–76.

Pursuant to the appellate court's direction and Fed.R.Civ.P. 53, and in consideration of the arguments of the parties, the following order retaining Francis E. McGovern as special master, and defining the scope of his duties, shall be entered.

It is ORDERED that the appointment of Professor Francis E. McGovern as special master in this action, initially ordered on July 3, 1986, shall be, and it is hereby, REINSTATED, with McGovern holding the responsibilities, powers, and duties that are set forth herein.

1. The special master shall have the following primary responsibilities in this action:

a. to monitor HUD's compliance with the terms of the court's "Interim Injunction," filed herewith;

b. to monitor any other remedial efforts undertaken by HUD to dismantle segrega-

tion in HUD-assisted low-rent housing projects in East Texas;

c. to study the operation of the local public housing authorities, rent-supplement programs, and Section 8 housing programs in the thirty-six class action counties, in order to assist the court in evaluating HUD's compliance with its interim injunction, as well as the effects of such compliance, and in determining additional appropriate means to facilitate racial desegregation in HUD-assisted low-rent housing projects in East Texas; and

d. to report to the court on the results of HUD's compliance activities and other remedial efforts, and to recommend further action, if any, that might be taken as part of an appropriate supplemental or final remedial decree, including the definition of substantial compliance with the court's interim injunction.

2. To assist the special master in carrying out his responsibilities, he shall have all of the rights and powers provided under Fed.R.Civ.P. 53, consistent with the terms set forth herein:

a. The special master shall have complete and unrestricted access to the records of HUD, including statistical data, contracts, reports, correspondence, plans, advertisements, notices, compliance reviews, and other relevant documents, provided that such documents and records are not subject to the protections of the Federal Rules of Civil Procedure, relevant privileges, or the work-product doctrine.

b. The special master shall have complete authority to interview and examine, at reasonable times and places, persons whom he believes will have information that will assist him in performing his duties. Where such persons are HUD officers or employees, the special master shall give HUD timely notice of such interviews, and he shall afford counsel for HUD and counsel for the plaintiffs the opportunity to be present at the interview or examination, as well as the opportunity to object where the information sought is subject to the limitations imposed by the Federal Rules of Civil Procedure, relevant privileges, or work product protections. HUD will use

its best efforts to encourage the local public housing authorities, and other providers of federally-funded housing, to cooperate fully with the special master.

c. Within ten days of the entry of this order, HUD shall designate an official to serve as liason between the special master and the agency. The liaison official shall act to facilitate the special master's ability to obtain information from the agency, and shall be the recipient of such notices from the special master as are provided in subparagraph 2.b. of this order.

d. Where objections to the special master's requests for documents or information, as set forth in subparagraphs 2.a. and 2.b. of this order, cannot be resolved between the special master and the parties, the special master shall certify such questions to the undersigned judge for an evidentiary ruling. Copies of such certifications shall be delivered to counsel for the parties. Should they so desire, the parties shall have ten days from the receipt of such certification to brief the subject of certification. The district court retains the discretion to rule on such questions, either solely on the basis of such submissions, or after a hearing, as it deems appropriate.

e. Except as otherwise provided herein, the special master may confer with the parties, their attorneys, or others, in ex parte communications, as required to fulfil his duties.

f. In order to prevent duplication of efforts, the special master shall receive, if he so desires, all of the requests for discovery, and responses thereto, during the remedial phase of this litigation, as well as all reports filed in compliance with this court's orders. Each party is directed to supply the special master with the requests and the responses that it has given or will give, as well as all reports it has made or will make in compliance with the court's orders.

g. The special master shall have the right to hire assistants as he deems necessary, subject to the approval of the court, and his authority, as outlined in this order, will extend to any other individual whom he designates. He may also seek the assist-

ance of court-appointed experts, whose costs may be assessed against one or both parties.

h. Nothing in this order of reference should be construed to limit, modify, or otherwise interfere with HUD's existing authority to investigate, monitor, or enforce compliance with respect to the plaintiffs' claims of unlawful discrimination.

3. The master is directed to file periodic reports every three months with the court, with copies to the parties. The reports should describe the monitoring activities in which he has engaged, the results of the monitoring, further interim relief that he believes is warranted, and other matters that he deems appropriate for the remedial phase of this litigation. If any interim report makes a recommendation, the parties shall have ten days from the date of service to object to the recommendations and to request a hearing.

4. A final report is due by August 31, 1989. To the extent that the master recommends additional action as part of an appropriate remedial decree, the report should state the bases for his recommendations, including any facts and opinions on which he relied. The "clearly erroneous" rule under Rule 53(e)(2) will apply only to those findings and conclusions of the master that are based on hearings conducted on the record after proper notice. After the filing of the final report, each party will have thirty days in which to object to it or any of its provisions, to request a hearing, or to propose an alternative remedial plan. The hearings on any objections will include the right to present evidence and to cross-examine adverse witnesses. The court retains the authority to reject or modify any recommendation by the master, regardless of whether any party has filed an objection.

5. The costs and expenses of the special master shall be borne by the defendants. Within thirty days of service of this order, HUD shall deposit $25,000.00 with the Clerk of the Court, as interim payment for the master's services and expenses.

6. The special master will be compensated for his services at the rate of $120.00 per hour, and will be reimbursed for the necessary expenses he may incur during the performance of his duties. The master should submit monthly a voucher of his expenses as the basis for entry of orders directing payment to him. The vouchers should list the hours expended and describe the work performed. The parties shall have ten days from the date of service to respond to the voucher or raise any objections.

It is further ORDERED that the defendants shall, within thirty days of service of this order, deposit the sum of $25,000.00 with the Clerk of the United States District Court for the Eastern District of Texas, from which payments of the fees and expenses of the special master shall be paid, when ordered by the court.